### UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HALL BASSOW, ON BEHALF OF THEMSELVES AND ALL OTHERS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:20cv1924(VLB) |
| | : | |
| MIRIAM DELPHIN-RITTMON, | : | |
| COMMISSIONER OF THE DEPARTMENT | : | |
| MENTAL HEALTH AND ADDICTION | : | September 28, 2021 |
| SERVICES, | : | |
|     Defendant. | : | |

### RULING AND ORDER

The plaintiff, Hall Bassow ("Bassow"), is currently confined at Whiting Forensic Hospital ("Whiting") in Middletown, Connecticut.  He has filed a civil rights complaint under 42 U.S.C. § 1983 against Department of Mental Health and Addiction Services ("DMHAS") Commissioner Miriam Delphin-Rittmon.  Bassow has also filed a motion for appointment of counsel and a letter to the Court that has been docketed as a motion.  For the reasons set forth below, the Court will dismiss the complaint and deny the pending motions.

### I.    Complaint [ECF No. 1]

Bassow challenges the adequacy of the medical treatment he has received from officials at Whiting as well as various conditions under which he is confined at Whiting.  He seeks compensatory damages.

### A.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court "shall dismiss [a] case at any time if the court determines that" the action "(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although detailed allegations are not required, a complaint must include enough facts "to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555-57).

It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  However, notwithstanding this liberal interpretation, a *pro se* complaint will not survive dismissal unless the factual allegations meet the

2

plausibility standard.  *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

**B.**   **Facts**

Bassow is confined in a maximum-security unit at Whiting under the jurisdiction of Connecticut's Psychiatric Security Review Board ("PSRB") pursuant to a finding that he was not guilty of the crime for which he was charged because he suffered from a mental disease or defect at the time that he committed the crime.[1]  ECF No. 1 at 12, 14.  Bassow contends that there "needs to be a building-wide sweep prov[id]ing better care for the PSRB patients in the maximum-security building" at Whiting.  *Id.* at 8.  Patients who are mentally ill and are confined at Whiting under the jurisdiction of the PSRB are being treated differently than patients who are confined at Whiting for competency restoration under Connecticut General Statutes § 54-56d and patients who are civilly committed to Whiting.  *Id.*  There are deficiencies in the treatment provided to

---

[1] The PSRB is an autonomous body within the DMHAS which consists of six members: a psychiatrist experienced with the criminal justice system, a psychologist experienced with the criminal justice system, a person with substantial experience in the process of probation, an attorney barred in Connecticut, a member of the public with substantial experience in victim advocacy, and a member of the general public. Conn. Gen. Stat. § 17a–581(a), (b). A defendant may assert that he "lacked substantial capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law," as an affirmative defense to the criminal charges filed against him.  Conn. Gen. Stat. § 53a–13(a).  If a defendant is found not guilty by reason of mental disease or defect, after a hearing in which the court must make a finding as to the mental condition of the acquittee, and considering as its primary concern the protection of society, the court may order that the acquittee be committed to the jurisdiction of the PSRB for a term not to exceed the maximum sentence that could have been imposed if the acquittee had been convicted of the offense for which he was tried.  Conn.

patients who are confined in the maximum-security unit under the authority of the PSRB. *Id.* at 9-10. Administrators at Whiting could revise various treatment methods to facilitate the recovery of patients from their diagnosed mental health conditions as well as to facilitate their eventual transfer to less secure units at Whiting or to homes or facilities outside of Whiting. *Id.* at 10-12.

C.     Discussion

Bassow identifies the following issues: pain and suffering; "unparalleled" emotional distress, and unfair treatment that violates the Consent Decree entered on January 3, 1991 in *Roe, et al. v. Hogan*, *et al.*, Case No. 2:89-CV-00570 (KAD).[2]

---

Gen. Stat. § 17a–582(e)(1).

[2] In deciding a June 10, 2019 motion to enforce the terms of the Consent Decree entered by the parties in *Roe, et al. v. Hogan, et al.*, Case No. 2:89-CV-00570 (KAD), United States District Judge Kari A. Dooley provided the following procedural background of the case and terms of the Consent Decree:

> On August 31, 1989, patients committed to the jurisdiction of the Connecticut Psychiatric Security Review Board ("PSRB") filed this class action lawsuit against various Commissioners of the Department of Mental Health and Addiction Services. "The class alleged violations of: (1) their right to appropriate medical and psychiatric treatment, (2) right to be free from unnecessary restraint, (3) their right not to be deprived of their liberty without due process of law, and (4) their right not to be discriminated against because of their mental handicap as guaranteed by the First and Fourteenth Amendments of the United States Constitution." *Roe v. Hogan*, No. 2:89-cv-00570 (PCD), 2005 WL 8167655, at *1 (D. Conn. Sept. 30, 2005). In December of 1990, the parties settled the claims through the entry of a consent decree (the "Decree"), which remains in full force and effect today. The stated purpose of the Decree is to ensure that PSRB patients are not "denied access to appropriate therapeutic, recreational, rehabilitative or leisure activities which are available to other patients solely because of the patient's commitment to the PSRB." (Decree at ¶ 11.) It recognizes that

4

*Id.* at 13.  Bassow also asserts violations of Connecticut's Patient Bill of Rights, the Americans with Disabilities Act (ADA), and the Health Insurance Portability and Accountability Act ("HIPAA").  *Id.* at 13-15.

### 1.   Claims Asserted on Behalf of Other Individuals

Although Bassow lists himself and "all others" in the caption of the complaint, no other individual has signed the complaint, paid the filing fee, or been granted leave to proceed without payment of fees.  Thus, the case proceeds only as to Bassow.

As a *pro se* litigant, Bassow does not have standing to assert claims or requests for relief on behalf of other patients or individuals who may have been found not guilty by reason of mental disease or defect and are confined in a maximum-security unit at Whiting under the authority of the PSRB.  *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) ("Another prudential [limit on standing is the] principle is that a plaintiff may

---

"[a]ppropriate psychiatric treatment requires that patients be given increasing levels of freedom and responsibility consistent with their individual clinical status." (*Id.* at ¶ 12.) It further requires that decisions concerning the care and treatment of PSRB patients be made "only after an individualized evaluation and assessment of each patient which explicitly considers and documents the patient's mental status and degree of danger, if any." (*Id.* at ¶ 13.) To that end, the Decree sets forth several policies and procedures designed to ensure that PSRB patients are treated on an individualized basis and in a manner that is least restrictive on their freedom. (*See generally id.* at ¶¶ 15, 17–21.)

*Roe v. Hogan*, No. 2:89-CV-00570 (KAD), 2019 WL 5538105, at *1 (D. Conn. Oct. 25, 2019).

ordinarily assert only his own legal rights, not those of third parties.") (citing *Warth v. Seldin,* 422 U.S. 490, 499 (1975); *Singleton v. Wulff,* 428 U.S. 106, 113 (1976)).  Thus, to the extent that Bassow asserts federal claims and seeks relief on behalf of other patients who are confined in a maximum-security unit at Whiting, those claims and requests for relief are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.   ADA

In a sentence at the end of the complaint, Bassow states that Whiting has violated the ADA.  Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under the ADA, a plaintiff must allege that "1) he is a qualified individual with a disability; 2) [the defendant] is an entity subject to the act[]; and 3) he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities or [the defendant] otherwise discriminated against him by reason of his disability."  *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (citation omitted).

Bassow does not identify his disability.  Nor does he allege that the defendant, DMHAS Commissioner Delphin-Rittmon, denied him participation in any service, program, or activity because of any disability.  Thus, as alleged, the facts to do not state an ADA claim against the defendant.  The ADA claim is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

6

3.    <u>HIPAA</u>

Bassow contends that Whiting is violating his rights under HIPAA.  ECF No. 1 at 15.  He asserts no facts to support this allegation.   HIPAA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164.  Plaintiff does not allege facts suggesting his medical records have been used or divulged in violation of HIPAA. Even had he done so, he would not be entitled to the relief sought.

HIPAA regulations do not confer a private right of action.  *See Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 317 n.42 (W.D.N.Y. 2018) ("Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. There is no private right to sue for a HIPAA violation.") (citations omitted); *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases across numerous circuits holding that no private right of action exists under HIPAA); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) (dismissing HIPAA claim because "HIPAA, which regulates the privacy of medical records, provides no private right of action, and enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services.") (citations omitted); *Barnes v. Glennon*, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *5 (N.D.N.Y. Sept. 28, 2006) (HIPAA "does not confer a private cause of action ... [or] either explicitly or implicitly, confer to private individuals a right of enforcement") (citations

7

omitted).

The sole remedy available to an individual for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. *See* 45 C.F.R. § 160.306. Because Bassow has no private right of action under HIPAA, his claim that Whiting officials violated the provisions of HIPAA fails. The HIPPA claim is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4.    Violation of Consent Decree in Roe v. Hogan

Bassow alleges that Whiting officials are treating him and other patients in the maximum-security unit unfairly in violation of the Consent Decree entered in *Roe, et al. v. Hogan*, *et al.*, Case No. 2:89-CV-00570 (KAD). Bassow does not describe the terms of the Decree or attach a copy of the Decree to the complaint. Nor does he describe how the defendant, DMHAS Delphin-Rittmon, may have violated a term of the Decree. Thus, he has failed to state a plausible claim that the defendant violated the Consent Decree.

Moreover, Bassow neglects to mention that the Decree includes a procedure for asserting a non-compliance claim in this Court. The Court takes judicial notice of the Consent Decree, a copy of which is attached to a motion to enforce judgment filed in *Roe, et al. v. Hogan*, *et al.*, Case No. 2:89-CV-00570 (KAD) by Attorney Kirk Lowry of the Connecticut Legal Rights Project. *See* App 1 (Consent Decree filed Jan. 3, 1991), ECF No. 179-2. It appears from the docket that Attorney Lowry represents Bassow as a movant in that action. *See* ECF No.

8

179-1 at 2, 11-12; ECF No. 179-4 (Bassow Decl.).  Paragraph 29 requires a plaintiff who claims that the defendants are not complying with the Decree's terms to notify the defendants in writing and permit them ten days to remedy the problem or problems.  *See* App. 1 ¶ 29, ECF No. 179-2.

There are no facts to suggest that prior to filing the complaint in this action, Bassow made any attempt to notify the defendants or counsel for the defendants in *Roe v. Hogan* regarding his claims that Whiting officials have violated the terms of the Consent Decree.  Thus, he did not follow the procedure set forth in the Consent Decree for asserting a non-compliance claim in this Court.

Furthermore, the enforcement procedure specifically provides that the party file a motion in *Roe v. Hogan* rather than filing a separate action.  *See id.*

As indicated above, Bassow is pursuing this avenue of relief through Attorney Kirk Lowry's filing of a motion to enforce the terms of the Consent Decree and a motion for temporary restraining order on June 3, 2021 and an amended motion to enforce the terms of the Consent Decree on July 30, 2021 in *Roe v. Hogan*.  *See* Mot. Enforce J., ECF No. 179; Mot. TRO, ECF No. 180; Am. Mot. Enforce J., ECF No. 211.  The motions to enforce the terms of the Consent Decree remain pending.  Accordingly, to the extent that Bassow seeks to raise a claim that officials at Whiting are not complying with terms of the Consent Decree in *Roe v. Hogan*, the claim is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 5.   Section 1983

To state a claim under section 1983, the plaintiff must allege facts showing

that the defendant, a person acting under color of state, law deprived him of a federally protected right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).  Bassow does not refer to specific violations of his federal constitutional rights.

Personal involvement of a government official in an alleged constitutional violation is not established "by reason of [the official's] supervision of others who committed the violation."  *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020).  Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 618 (citation omitted).

a.      <u>Fourteenth Amendment – Due Process</u>

Under the Due Process Clause of the Fourteenth Amendment, individuals involuntarily committed to state custody have constitutionally-protected liberty interests in adequate food, shelter, clothing, medical care, and conditions of reasonable care and safety. *See Youngberg v. Romeo*, 457 U.S. 307, 324, (1982). Bassow challenges the treatment provided to him and conditions under which he is confined at Whiting.  Thus, the Court liberally construes Bassow's allegations as asserted under the Fourteenth Amendment.  However, Bassow does not refer to DMHAS Commissioner Delphin-Rittmon other than in the caption and description of parties.  Nor does he explain how the Commissioner may have violated his Fourteenth Amendment rights.

Furthermore, Bassow asserts no facts regarding conditions or treatment that are personal to him.  Rather, he generally alleges that Whiting officials have

subjected him and others to treatment that is unfair and has caused him and others unspecified pain, suffering and emotional distress.  The facts as alleged do not state a plausible Fourteenth Amendment due process claim against the defendant, DMHAS Commissioner Delphin-Rittmon.  This Fourteenth Amendment conditions of confinement claim is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**b.    Fourteenth Amendment – Equal Protection**

Bassow contends that patients who are mentally ill and are confined at Whiting under the jurisdiction of the PSRB are being treated differently than patients who are confined at Whiting for competency restoration under Connecticut General Statutes § 54-56d and patients who are civilly committed to Whiting.  The Court liberally construes this allegation as a Fourteenth Amendment equal protection claim.

To state an equal protection claim, a plaintiff must allege facts showing that: (1) he was treated differently from similarly situated individuals and (2) that the difference in or discriminatory treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"  *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980).  Absent allegations to support "class-based" discrimination, an individual may state an equal protection claim by alleging that he or she has been intentionally and "irrationally singled out as a . . . class of one."  *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008). A plausible class of one claim requires the plaintiff to demonstrate an

11

"'extremely high degree of similarity'" with the person to whom he or she is comparing himself or herself.  *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).  Thus, the plaintiff must demonstrate the existence of a person who is "prima facie identical" to him or her and who was treated differently.  *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal quotation marks and citation omitted).

Bassow does not describe the differences in treatment between the three groups of individuals who are confined at Whiting or allege facts to suggest that the individuals within the two other groups and to whom he compares himself are similarly situated or essentially identical to him.  As such, he has not stated a plausible claim that the defendant violated his rights under the Equal Protection Clause of the Fourteenth Amendment and the claim is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

II.     Motion for Appointment of Counsel [ECF No. 3]
        Letter Motion [ECF No. 11]

Bassow seeks the appointment of *pro bono* counsel.  Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel.  *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68-69 (2d Cir. 2011).  Thus, in a civil case, the decision to appoint *pro bono* counsel for an indigent litigant is discretionary.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  In considering whether to exercise its discretion, a district court must initially determine whether the *pro se* litigant's claim "seems likely to be of

substance." *Id.* at 61.  In view of the Court's dismissal of the allegations asserted in the complaint as failing to state plausible legal claims, the motion for appointment of counsel is denied because the asserted claims are not of substance.

A letter to the Court from the "PSRB Patient's Whiting, MAX Building" has been docketed as a motion.  *See* ECF No. 11.  The letter identifies several types of injunctive relief that the patients at Whiting seek if this case settles.  The letter is not signed by Bassow, who is the only plaintiff in this action.  As such, it does not comply with Rule 11(a), Fed. R. Civ. P.  The motion is denied.  If Bassow chooses to file an amended complaint, he may include additional requests for relief.

## ORDERS

The Court enters the following orders:

The federal claims asserted on behalf of other individuals, the claims asserted by Bassow under the ADA and HIPAA, the Fourteenth Amendment claims asserted by Bassow under 42 U.S.C. § 1983 and Bassow's claim that the defendant violated the Consent Decree in *Roe, et al. v. Hogan*, *et al.*, Case No. 2:89-CV-00570 (KAD) are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court declines to exercise supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over supplemental state law claims).  The Motion for Appointment of Counsel, [ECF No. 3], and the Letter Motion, [ECF No. 11], are DENIED.

13

The Court will permit Bassow twenty-one days to file an amended complaint to assert claims on behalf of himself if he can allege facts to state a plausible claim that the defendant or other individuals violated his federal constitutional rights.  Bassow is reminded that he is already pursuing alleged violations of the terms of the Consent Decree in *Roe, et al. v. Hogan, et al.*, Case No. 2:89-CV-00570 (KAD) through motions filed by counsel in that case.  Thus, he should not include those alleged violations or any other alleged violations of the Consent Decree in an amended complaint that he files in the present case.  If Bassow chooses not to file an amended complaint within the time specified, the Court will direct the Clerk to enter judgment for the defendant with prejudice and to close the case.

SO ORDERED.

Dated at Hartford, Connecticut this 28th day of September, 2021.

_____/s/_____
Vanessa L. Bryant
United States District Judge